UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RANGER STEEL SERVICES, LP                CIVIL ACTION

VERSUS                                    NO: 10-112

ORLEANS MATERIALS &                       SECTION: J(4)
EQUIPMENT CO. INC ET AL

### ORDER AND REASONS

Before the Court is Plaintiff's **Motion for Summary Judgment (Rec. Doc. 13)** and supporting memoranda, as well as Defendant's **Opposition to Motion for Summary Judgment (Rec. Doc. 34)**.

### PROCEDURAL HISTORY AND BACKGROUND FACTS

Beginning in 1991, Plaintiff Ranger Steel Services ("Ranger") began to distribute steel plate sheets to Defendant Orleans Materials & Equipment Co. Inc. ("Orleans") on a continuing basis. When Orleans needed steel plates, Orleans initiated orders by placing a telephone call or sending an email to Ranger and the parties subsequently agreed on prices. Ranger would then ship the steel from its facility in Houston and Orleans would acknowledge receipt of the delivery by signing a bill of lading and remitting payment.

In 2003, Ranger and Orleans entered into a warehousing contract whereby Orleans would store steel for Ranger at Orleans' warehouse for a monthly fee. During this time, Orleans continued to purchase steel from Ranger. Beginning in October 2008, Orleans ceased paying Ranger for the steel plate sheet

deliveries. Ranger contends that since that time, Orleans has ordered and received eleven shipments of steel for which Orleans has not remitted payment. These orders, according to Ranger, total $330,501.72. Ranger has attempted to collect the money for these deliveries, but to no avail. The company has therefore filed this suit, in which it seeks to recover actual damages, attorney's fees, interest, and court costs associated with Orleans' breach of contract.

## **PARTIES' ARGUMENTS**

Ranger argues that Orleans breached its contract when Orleans refused to remit payment for the steel it received. Ranger has provided invoices, bills of lading signed by Orleans, and an affidavit from Jeff McPherson, Ranger's Vice President of Sales, as proof that the steel plates were actually delivered to Orleans. However, of the 11 invoices Ranger has submitted, only five are accompanied by a signed bill of lading. Ranger asserts that the other six invoices are not accompanied by bills of lading because on occasion, Ranger allowed Orleans to extract the steel plates directly from Orleans' warehouse. According to McPherson's affidavit, no bills of lading were needed for these transactions because no actual delivery took place. Ranger therefore argues that it is entitled to recover actual damages, attorneys' fees, interest, and the court costs associated with Orleans' failure to provide payment for the steel plates it

received.

Orleans does not deny receiving the steel shipments, but contends that Ranger has not proved that Orleans has received any of shipments that do not have an accompanying bill of lading. Orleans argues that Ranger's pattern of insufficient record-keeping creates a genuine issue of material fact for which summary judgment is inappropriate. Orleans also contends that Ranger cannot recover attorneys' fees because LSA-RS 9:2779 mandates that the contract be governed under Louisiana law, and Louisiana law does not provide recovery for attorneys' fees in this type of action.

Ranger replies that LSA-RS 9:2779 does not apply to this case, and this Court should respect the Texas choice of law provision as stated in the invoices. Alternatively, Ranger argues that even if this case is governed under Louisiana law, LSA-RS 9:2781 provides for recovery of attorney's fees in this matter.

## **DISCUSSION**

Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (citing Fed. R. Civ.

Proc. 56(c)). The moving party bears the initial burden of demonstrating to the court that there is an absence of genuine factual issues. Id. Once the moving party meets that burden, the non-moving party must go beyond the pleadings and designate facts showing that there is a genuine issue of material fact in dispute. Id. "A factual dispute is 'genuine' where a reasonable jury could return a verdict for the non-moving party. If the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, then there is no genuine issue for trial and summary judgment is proper." Weber v. Roadway Exp., Inc., 199 F.3d 270, 272 (5th Cir. 2000) (citations omitted). The non-moving party's burden "is not satisfied with 'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence. [The courts] resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. *[The courts] do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts.*" Little, 37 F.3d 1075 (emphasis in original)(citations omitted).

### *Steel Plate Invoices*

Here, Ranger has satisfied its initial burden of proving that it is entitled to summary judgment as a matter of law with

4

regard to the unpaid invoices. For each alleged transaction, Ranger has produced evidence – whether by affidavits, documents, or both – that shows that Orleans received the steel plates in question. Ranger has presented both invoices and signed bills of lading for five of the transactions. For the remainder of the transactions, Ranger has presented invoices and affidavit testimony stating that on occasion, Ranger allowed Orleans to extract the steel plates directly from Orleans' warehouse and there were no bills of lading for these transactions because no actual delivery took place.

In an artfully drafted opposition, Orleans does not deny that it received any of these aforementioned steel plates. Rather, Orleans offers hypotheticals of what could have happened in situations where no bill of lading is issued. Orleans then concludes that Ranger has not has produced sufficient evidence to prove the existence of the shipments. Therefore, this Court finds that Orleans, as the non-moving party, has not established that there is a genuine issue of material fact regarding the receipt of the steel plates. Ranger is thus entitled to summary judgment on those transactions as a matter of law..

### *Attorneys' Fees*

With regard to attorney's fees, Ranger's submissions lack detailed, contemporaneous time or billing records. Therefore, the Court finds that Ranger has not submitted sufficient

information to allow this Court to grant the motion for summary judgment in its favor.

Accordingly, **IT IS ORDERED** that Ranger's **Motion for Summary Judgment** is hereby **GRANTED** in part and **DENIED** in part. Specifically, Ranger is **GRANTED** its request for summary judgment against Orleans Materials & Equipment Co. Inc. in the amount of $330,501.72, plus judicial interest, for the steel plates it delivered to Orleans.  Ranger is **DENIED** its request for summary judgment on the issue of attorneys' fees.  However, Ranger is **ORDERED** to submit to this Court a motion for attorneys' fees, which shall include: 1) a discussion on the issue of whether such fees apply to this matter; 2) detailed contemporaneous time and billing records; 3) affidavits or other evidence supporting the requested hourly rates for attorneys and support staff.  **Ranger's "Attorneys' Fees" Motion and Supporting Documentation within 30 days of the date of this order** and shall be set for hearing in accordance with the local rules.  Orleans' response motion in opposition to the Attorneys' Fees motion will be due in accordance with the local rules.

New Orleans, Louisiana, this  30th  day of    June   , 2010.

_____
United States District Judge