UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RANGER STEEL SERVICES, LP          CIVIL ACTION

VERSUS                             NO: 10-112

ORLEANS MATERIALS & EQUIPMENT,     SECTION: J (4)
CO.

## ORDER AND REASONS

Before the Court is Plaintiff, Ranger Steel Services, L.P.'s **Motion for Attorneys' Fees (Rec. Doc. 46)**, Defendant, Orleans Materials & Equipment Co., Inc.'s **Opposition (Rec. Doc. 48)**, and Plaintiff's **Reply to Opposition (Rec. Doc. 59)**.

## PROCEDURAL HISTORY AND BACKGROUND FACTS

Plaintiff Ranger Steel Services ("Ranger") contracted with Defendant Orleans Materials & Equipment ("Orleans") to distribute steel plate sheets in continuing shipments. Defendant breached the contract by failing to pay for eleven shipments. The Court has already awarded summary judgment to Plaintiff for the $330,501.72 in steel plates that Plaintiff delivered to Defendant without receiving payment. Remaining before the Court is the Plaintiff's motion for attorneys' fees.

## THE PARTIES' ARGUMENTS

Plaintiff argues that it is entitled to attorneys' fees in the instant case. Plaintiff argues that Texas law governs this issue, as all of Ranger's invoices included a choice of law

provision that stated that the parties' contract was to be governed by Texas law. Under Texas law, Ranger would be entitled to reasonable attorneys' fees because the claim is for breach of a written contract. Defendant counters that the contract to supply steel plates is a contract for construction to be completed in Louisiana, and that therefore, under LSA-RS 9:2779, the choice of law provision is null. Plaintiff denies that this was a construction contract because the invoices make no mention of construction. However, Plaintiff responds that if Louisiana law does govern, Ranger would still be entitled to attorneys' fees under LSA-RS 9:2781, as Orleans has failed to pay an open account within thirty days after Ranger sent a written demand.

Plaintiff seeks $111,093.25 in attorneys' fees. This total includes fees for two attorneys at Andrews Kurth in Houston–(1) a partner who billed at an hourly rate of $445 in 2009 and $475 in 2010, and (2) an associate who billed at an hourly rate of $315 in 2009 and $340 in 2010. This also includes fees for two Andrews Kurth paralegals–one who billed at an hourly rate of $190 in 2009 and $200 in 2010, and another who billed at an hourly rate of $210. Lastly, this total includes fees for a paralegal at a local law firm who billed at an hourly rate of $150 and for a partner at a local firm who billed at an hourly rate of $360 in 2009 and $395 in 2010. Plaintiff argues that these fees are reasonable in light of their experience in commercial litigation. Additionally,

2

Plaintiff explains that Andrews Kurth is Ranger's longtime counsel and performed the majority of the substantive work on the case.

Defendant does not contest the rates charged by the local law firm. Rather, Defendant argues that it was unreasonable to hire a Texas law firm for a simple breach of contract suit. Defendant argues that these rates are excessive and that the efforts of these attorneys were duplicative.

Parties also disagree as to whether Plaintiff counsel can serve as experts to determine attorneys' fees. Orleans argues that this is a violation of Louisiana Rule of Professional Conduct 3.7, which prohibits an attorney from acting as an advocate at trial. Ranger responds that this arrangement properly falls within an exception to Rule 3.7, which allows attorneys to give testimony that relates to the nature and value of legal services rendered in the case.

Lastly, this case was originally filed in the Southern District of Texas and was transferred to the Eastern District of Louisiana. Ranger maintains that the initial filing was done in good faith and that it is entitled to attorneys' fees incurred prior to transfer to the Eastern District of Louisiana. Defendant argues that this subset of fees should not be awarded because the lawsuit was frivolous and filed in an improper venue.

## **DISCUSSION**

In Louisiana, courts generally uphold choice of law provisions in contracts unless doing so would violate public policy. See Restivo v. Hanger Prosthetics & Orthotics, Inc., 483 F. Supp. 2d 521, 519 (E.D. La. 2007). With respect to construction contracts, the Louisiana legislature articulated its public policy position that contractors and subcontractors performing construction in Louisiana should not be subject to choice of law provisions. See, e.g., Mayeux's A/C & Heating, Inc. v. Famous Constr. Corp., No. 97-0767, 1997 WL 567955, at *4 (E.D. La. Sept. 10, 1997). LSA-RS:9:2779 provides that choice of law provisions in construction contracts are invalid "when one of the parties is domiciled in Louisiana, and the work to be done and the equipment and materials to be supplied involve construction projects in this state." However, Ranger is still entitled to attorneys' fees because LSA-RS 9:2781 applies, as Orleans has failed to pay an open account within thirty days after Ranger sent a written demand.

The Fifth Circuit uses the lodestar method to determine statutorily authorized attorneys' fees. McClain v. Lufkin Industries, Inc., 519 F.3d 264, 284 (5th Cir. 2008). Under this method, courts multiply the number of hours reasonably expended on the litigation by a reasonable hourly rate. Id. Courts can use the forum rule to set applicable rates by determining the prevailing market rate within its jurisdiction. Hebert v.

4

Rodriguez, No. 08-5240, 2010 WL 2360718, at *1 (E.D. La. June 8, 2010).

After the lodestar figure is calculated, the court can adjust the figure upward or downward based on factors articulated in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974), abrogated on other grounds, Blachard v. Bergeson, 489 U.S. 87, 90 (1989). The Johnson factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Id.

The Court "must also consider, *inter alia*, 'whether the award is excessive in light of the plaintiff's overall level of success.' Moreover, the requested fees must bear a '"reasonable relationship to the amount in controversy or to the complexity"' of the circumstances of the case." Mid-Continent Cas. Co. v. Chevron Pipe Line Co., 205 F.3d 222, 232 (5th Cir. 2000).

After reviewing parties' motions and the <u>Johnson</u> factors, the Court has determined that it is reasonable to award attorneys' fees at the rates charged by the local law firm, namely a partner rate of $360 for the charges incurred in 2009 and a partner rate of $395 for the charges incurred in 2010. Therefore, Ranger can recover fees for the Andrews Kurth partner using these hourly rates. Especially given the relatively straightforward nature of this breach of contract case, the rates charged by Andrews Kurth are higher than what is customary in our local legal market. <u>See, e.g.</u>, <u>Oreck Direct, LLC v. Dyson, Inc.</u>, No. 07-2744, 2009 WL 1649503 (E.D. La. June 8, 2009) (reducing three out-of-town hourly rates to $400 per hour (from $765 per hour for one partner, $530 per hour for another partner, and $440-$470 per hour for an associate)); <u>Bd. of Supporters of La. State Univ. V. Smack Apparel Co.</u>, No. 04-1593, 2009 WL 927996 (E.D. La. April 2, 2009) (reducing the partner rate from $445 per hour for an out-of-town attorney with specialized expertise to $325 per hour).

Similarly, the Court has determined that the hourly rates for all paralegals are excessive, and accordingly, the Court approves of an hourly rate of $100 for all paralegal work done on the case. The Court rejects the Defendant's other arguments and accordingly awards Ranger a total of $102,385.30.

For the foregoing reasons, **IT IS ORDERED** that Ranger's

Motion for Attorneys' Fees be **GRANTED** and that Ranger be awarded attorneys' fees in the amount of $102,385.30.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE